Filed 4/25/16  In re Alexander G. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ALEXANDER G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F071512 |
| Plaintiff and Respondent, | (Super. Ct. No. 14 JQ0041A) |
| v. | |
| ALEXANDER G., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from orders of the Superior Court of Kings County.  James LaPorte, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*Before Kane, Acting P.J., Detjen, J. and Peña, J.

## INTRODUCTION

The minor Alexander G. was adjudicated a ward of the court and placed on probation. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm the orders of the juvenile court.

## PROCEEDINGS

At the conclusion of a contested jurisdiction hearing on April 16, 2015, the juvenile court found true allegations filed pursuant to Welfare and Institutions Code section 602 that Alexander G. (age 16) possessed an explosive destructive device (Pen. Code, § 18715, subd. (a), count 1) and possessed materials with the intent to make a destructive device (*id.*, § 18720, count 2).

On April 29, 2015, the juvenile court found defendant violated the conditions of his probation based on deferred entry of judgment for a prior adjudication for unauthorized computer access and fraud (Pen. Code, § 502, subd. (c)(5), second degree burglary (*id.*, § 459), resisting arrest (*id.*, § 148, subd. (a)(1)), vehicle theft (Veh. Code, § 10851, subd. (a)), and driving without a valid driver's license (*id.*, § 12500, subd. (a)).

The juvenile court found both count 1 and count 2 to be felonies. The juvenile court placed defendant on probation upon various terms and conditions. The juvenile court continued the disposition hearing to make a final determination of minor's maximum term of physical confinement. On May 19, 2015, the juvenile court found minor's maximum term of physical confinement was nine years six months with custody credits of 76 days.[1]

On October 14, 2015, the juvenile court granted the minor's motion to stay his maximum term of physical confinement on count 2 pursuant to Penal Code section 654. The court reduced maximum term of physical confinement to eight years six months and determined his total custody credits to be 79 days.

---

[1]On April 29, 2015, minor's counsel filed a premature notice of appeal prior to the final disposition hearing on May 19, 2015. We grant minor's request to treat the premature notice of appeal as filed timely pursuant to California Rules of Court, rule 8.406(d).

**FACTS**

On March 5, 2015, about 7:00 p.m., minor and two other juveniles met near a Save Mart supermarket in Lemoore to make a bomb. Minor placed chlorine and alcohol into a glass bottle. After minor sealed the bottle, it exploded, making a loud sound like a gunshot. Other than the juveniles, no one else was near the explosion. Minor and another juvenile fled toward a nearby apartment complex.

Corporal Alvaro Santos of the Lemoore Police Department investigated a report of explosions near Save Mart. Santos saw two juveniles walking near the apartment complex. Santos saw E.C. and recognized minor as the second juvenile. As Santos approached the juveniles, he ultimately detained them both. Minor smelled like chlorine, or bleach, and appeared to have been sweating. Minor's pants appeared discolored by a bleaching agent. Minor denied being involved with the explosion. Minor claimed he smelled like chlorine because someone hit him with a balloon containing chlorine.

E.C. told Santos that minor and another juvenile made chlorine bombs behind Save Mart. Witnesses directed Sergeant Margarita Ochoa to the alley behind Save Mart where she found a bottle of rubbing alcohol, packages containing chlorine, a bottle that had exploded discharging white debris, a bottle that had not exploded, and multiple other bottles not yet exploded but with material in them. Photographs of the material found were admitted into evidence.

Sergeant Allen Knight with the Tulare County Sheriff's Department bomb squad was dispatched to the scene as well as the Lemoore Fire Department . Knight testified an explosion would result if the materials found at the scene were combined in a closed container. He described the bottles at the scene as destructive devices.

**APPELLATE COURT REVIEW**

Defendant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record

independently.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  By letter on December 15, 2015, we invited minor to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The orders of the juvenile court are affirmed.